# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1514V
UNPUBLISHED

| | |
|---|---|
| KIMBERLY STARNES,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: March 11, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Nancy Routh Meyers,* Turning Point Litigation, Greensboro, NC, for Petitioner.

*Adriana Ruth Teitel,* U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On November 2, 2020, Kimberly Starnes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") resulting in bursitis and adhesive capsulitis in her right shoulder, as a result of an influenza vaccine received on November 6, 2019. Petition at ¶¶ 2, 10. Petitioner further alleges that the vaccine was administered in the United States, her injuries have persisted for more than six months, and neither Petitioner nor any other party has ever filed any action or received compensation in the form of an award for her vaccine-related injury. Petition at ¶¶ 2, 12, 13, 15; Ex. 1 at 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 11, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner had no pre-vaccination history of pain, inflammation, or dysfunction of her right shoulder; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's shoulder pain." *Id.* at 6. Respondent further agrees that "based on the medical records outlined [in the Rule 4(c) Report], petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master