# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-1514V

|  |  |
|---|---|
| KIMBERLY STARNES, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: May 13, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC,* for Petitioner.

*Dorian Hurley, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 2, 2020, Kimberly Starnes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges alleging that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, after receiving an influenza vaccine on November 6, 2019. Petition, ECF No. 1. On October 13, 2023, I issued a decision awarding compensation to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 45.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $45,422.32 as follows:

1. $44,894.32 (representing $43,815.00 for fees and $1,079.32 for costs) for Petitioner's counsel's current law firm, Turning Point Litigation; and
2. $528.00 (representing $528.00 for fees) for Petitioner's counsel's prior law firm, Black Ward Law.

Petitioner's Motion for Fees and Costs filed Apr. 3, 2024, ECF No. 52; ECF 52-1 at 14-15. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 52-3.

Respondent reacted to the motion on April 17, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 53. The same day, Petitioner filed a reply stating that Petitioner "concurs with Respondent's recommendation." ECF No. 54.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests hourly rates for attorneys and paralegals at Turning Point Litigation performing work in this matter as follows:

|  | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| Nancy Meyers, Esq. | $400 | $430 | $460 | $490 | $530 |
| L. Cooper Harrell, Esq. | X | X | $430 | $470 |  |
| Paralegals | $150 | $155 | $160 | $165 | $180 |

ECF No. 52-1 at 1-14. The hourly rates requested for all work performed at Ward Black Law and work performed at Turning Point Litigation by Ms. Meyers and paralegals through 2023, and for Mr. Harrell through 2022 are reasonable and consistent with prior determinations. Additionally, Petitioner has also requested a 2024 attorney hourly rate of $530 for work performed by Nancy Meyers - representing a rate increase of $40,[3] and a 2024 paralegal hourly rate of $180 - representing a rate increase of $15. *Id.* at 1, 14. I find these 2024 hourly rates to be reasonable, and will therefore be adopted. However, the 2023 attorney hourly rate requested for L. Cooper Harrell requires adjustment.

For his 2023 work, Mr. Harrell had 21 years of overall experience, but less than one year of experience in the Vaccine Program.[4] Thus, his 2023 hourly rate should fall

---

[3] Although this yearly increase is greater than I normally would allow, it is due to the arguably lower hourly rate assigned to Ms. Meyers 2023 work, not because her requested 2024 rate is too high.

[4] An attorney's level of experience is calculated at the beginning of each year and is generally based upon the attorney's bar date. *See McCulloch v. Sec'y of Health & Hum. Servs.,* No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (providing the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience). No adjustment is made for the

within the range allowed for attorneys with 20 to 30 years of overall experience ($450 - $534), albeit on the lower end of this range.[5] Properly reflecting these levels of experience, Mr. Harrell's 2022 hourly rate ($430) is close to the minimal for the 2022 range ($427 - $507).[6] After obtaining only one more year of experience within this ten year range, Mr. Harrell has requested a 2023 hourly rate of $470 - representing a $40 increase and placing him almost one-fourth of the distance above the 2023 minimal amount ($450). Although the quality of Mr. Harrell's work is good, his lower overall and vaccine-related experience dictates the application of a slightly lower hourly rate. Thus, I will award attorney's fees for the 2023 work performed by Mr. Harrell using a rate of $460 per hour. **This results in a reduction of $589.00 from the attorney's fees paid to Turning Point Litigation.[7]**

### B. Hours Billed

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed Dec. 8, 2022, ECF No. 39; Petitioner's Damages Brief, filed Jan. 20, 2023, ECF No. 40; Hearing Minute Entry dated September 27, 2023 (regarding proceedings on Sept. 27, 2023). Petitioner's counsel expended approximately 37.7[8] hours drafting the damages brief.[9] ECF No. 52-1 at 11.

My above calculation does not include time spent preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. *See,* e.g., 52-1 at 5 (partial time in entries dated 4/14/21, 4/15/21,

---

exact month when the attorney passed the bar. Because he was first barred in 2001, Mr. Harrell had 21 years of experience at the beginning of 2023. Petitioner appears to be using an incorrect method when calculating levels of experience as she lists Mr. Harrell's overall experience for 2024, as 23 years. ECF No. 52-1 at 1. Likewise, she has listed a level of experience one year greater than is accurate for all attorneys. *Id.* Petitioner's counsel should note this error and make the necessary correction in future motions.

[5] *See* OSM Attorneys' Forum Hourly Rate Fee Schedule: 2022 which can be found on the Court's website at www.uscfc.uscourts.gov (last visited May 6, 2024).

[6] *See* OSM Attorneys' Forum Hourly Rate Fee Schedule: 2023 which can be found on the Court's website at www.uscfc.uscourts.gov (last visited May 6, 2024).

[7] This amount is calculated as follows: ($470 - $460) x 58.9 hrs. = $589.00.

[8] This total is calculated as follows: 0.6 hours billed on 1/20/23 (partial time), billed by Nancy Meyers at a rate of $490 per hour; and 37.1 hours billed on 1/9/23, 1/10/23, 1/11/23, 1/12/23, 1/17/23, 1/18/23, and 1/19/23, billed by L. Cooper Harrell at a rate of $460 per hour, after the rate decrease detailed in this Fee Decision. *See supra* Attorney Fees, Section A.

[9] Petitioner's counsel billed only 0.2 hours reviewing Respondent's brief which I find reasonable. ECF No. 52-1 at 12.

and 4/20/21 regarding 4.7 hours of work). Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 52-1 at 11 (partial time in entry dated 1/20/23).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[10] in which attorneys have accomplished this task in about half the time.[11] *See,* e.g., *Axelrod v. Sec'y of Health & Hum. Servs.*, No. 21-0980V (Mar. 29, 2024) (11.9 and 12.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Benz v. Sec'y of Health & Hum. Servs.*, No. 21-1197V (Mar. 26, 2024) (19.5 and 6.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hansler-Point v. Sec'y of Health & Hum. Servs.*, No. 21-0045V (Mar. 26, 2024) (9.6 and 4.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Dulaney v. Sec'y of Health & Hum. Servs.*, No. 20-1488V (Mar. 26, 2024) (6.6 and 0.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Glanville v. Sec'y of Health & Hum. Servs.*, No. 19-1973V (Mar. 26, 2024) (8.7 hours billed for drafting a damages brief); *Stokes v. Sec'y of Health & Hum. Servs.*, No. 19-0752V (Feb. 29, 2024) (15.3 and 8.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Richardson v. Sec'y of Health & Hum. Servs.*, No. 20-0674V (Feb. 9, 2024) (9.2 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edwards v. Sec'y of Health & Hum. Servs.*, No. 21-0056V (Feb. 5, 2024) (11.3 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Villa v. Sec'y of Health & Hum. Servs.*, No. 20-0569V (Feb. 5, 2024) (6.0 and 5.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Jackson v. Sec'y of Health & Hum. Servs.*, No. 20-0051V (Feb. 5, 2024) (15.4 and 7.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mulloy v. Sec'y of Health & Hum. Servs.*, No. 19-1396V (Nov. 6, 2023) (19.7 and 9.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Gao v. Sec'y of Health & Hum. Servs.*, No. 21-1884V (Oct. 25, 2023) (16.5 and 9.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Knasel v. Sec'y of Health & Hum. Servs.*, No. 20-1366V (Oct. 25, 2023) (11.5 and 13.6 hours billed for drafting a damages brief and responsive damages

---

[10] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[11] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Feb. 7, 2024).

brief, respectively); *Langdon v. Sec'y of Health & Hum. Servs.*, No. 20-1311V (Oct. 25, 2023) (12.5 and 12.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mantagas v. Sec'y of Health & Hum. Servs.*, No. 20-1720V (Oct. 17, 2023) (6.7 and 4.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.*, No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cosden v. Sec'y of Health & Hum. Servs.,* No. 20-1783 (Aug. 8, 2023) (6.3 hours billed for drafting a damages brief); *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-0872V (June 30, 2023) (18.7 hours billed for drafting a damages brief); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to damages briefing. The parties agreed upon the amount of past expenses, and the only area of dispute was the appropriate amount of compensation for Petitioner's past pain and suffering. *See Starnes v. Sec'y of Health & Hum. Servs.,* No. 20-1514V, 2023 WL 8110730 (Fed. Cl. Spec. Mstr. Oct. 13, 2023). Furthermore, the parties' views differed by $47,500.00 - Petitioner sought $120,000.00, and Respondent countered with $72,500.00, an. *Id.* at *4. I ultimately awarded an amount for pain and suffering closer to that proposed by Respondent, $78,000.00 – further underscoring the extent to which Petitioner's efforts in this behalf had a futile quality (since I ultimately found the higher figure was not adequately defended). *Id.* at *6.

Of course, having prevailed in this case, a fees award is generally appropriate.

*See Starnes*, 2023 WL 8110730, at *6. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 37.7 hours, or $17,360.00**) by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[12] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a further reduction of $5,208.00 from the attorney's fees paid to Turning Point Litigation.[13]**

## ATTORNEY COSTS

Petitioner requests $1,079.32 in overall costs and has provided receipts for all but $0.15 in copying and $1.40 in postage, which I will nevertheless allow. ECF No. 52-1 at 14-49. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$39,625.32 (representing $38,546.00 for fees and $1,079.32 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel's current law firm, Turning Point Litigation.[14]** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[15]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[12] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See, e.g., Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[13] This amount is calculated as follows: (0.6 hrs. x $490 x .30) + (37.1 hrs. x $460 x .30) = $5,208.00.

[14] Petitioner's counsel represents that she will ensure the proper funds are paid to Ward Black Law. ECF No. 52 at 2.

[15] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.